ECF CASE

Lenora M. Lapidus (LL-6592)
Jennifer Arnett (JA-6161)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-519-7816

David A. Barrett (DA-9626)
Eric Brenner (EB-2177)
Boies, Schiller & Flexner, LLP
570 Lexington Avenue, 16th Floor
New York, NY 10022
212-446-2300

Attorneys for Plaintiffs



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUANA SIERRA TREJO,<br>GABRIELA FLORES VIEGAS,<br>INÉS BELLO CASTILLO,<br>CARMEN CALIXTO RODRÍGUEZ, and<br>LUCERO SANTES VÁZQUEZ,<br><br>Plaintiffs<br><br>v.<br><br>BROADWAY PLAZA HOTEL,<br>FELIX DAVID BUENDÍA RAMÍREZ,<br>SALVATORE LODUCA, and<br>PHILIP LOZIA,<br><br>Defendants. | No.<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

## PRELIMINARY STATEMENT

1.  This action arises out of sexual and wage exploitation of immigrant women by the
    Broadway Plaza Hotel and its top management.  Plaintiffs Juana Sierra Trejo, Gabriela
    Flores Viegas, Inés Bello Castillo, Carmen Calixto Rodríguez, and Lucero Santes
    Vázquez are five Latina women who, while working as housekeepers at the Broadway
    Plaza Hotel, were subjected to highly offensive sexual harassment, verbal and physical
    abuse, and gross violations of the wage and hour laws.

2.  Specifically, after being induced to accept employment based on promises of a minimum
    wage salary and appropriate working conditions, Plaintiffs were instead forced to labor in
    a work environment where, among other exploitation:

    a.  They were preyed upon as potential or actual sexual conquests and faced
        retaliation with more work or, in some cases, dismissal, if they rebuffed the hotel
        manager's sexual advances;

    b.  They were denied permission to eat, drink, or even use the restroom during the
        workday, even when working as many  as fifteen hours per day;

    c.  They were forced to work long hours for seven days per week yet denied any
        compensation for certain work performed, including required personal work at the
        home of the hotel manager, and were never paid overtime pay;

    d.  Any efforts to defend themselves against exploitation led to threats of deportation,
        emotional and verbal abuse, and in some cases threats of physical harm.

3.  Plaintiffs bring this action seeking remedies against Defendants Broadway Plaza Hotel,
    Felix David Buendía Ramírez, Salvatore Loduca, and Philip Lozia for violations of the
    Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.; the New York Labor Law Article 6,

§§ 190 et seq. and Article 19, §§ 650 et seq.; the Victims of Trafficking and Violence

Protection Act of 2000, 18 U.S.C. §§ 1581 et seq.; Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §§ 2000e et seq.; the New York State Human Rights Law,

N.Y. Exec. Law §§ 290 et seq.; the New York City Human Rights Law, N.Y.C. Admin.

Code §§ 8-107(1) et seq.; and for fraudulent inducement, quantum meruit, unjust

enrichment, intentional infliction of emotional distress, and negligent hiring, retention,

and supervision.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1350.

In particular, this Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b),

which permits employees to bring civil actions in courts of appropriate jurisdiction to

recover damages for an employer's failure to pay the minimum wage and overtime

wages; 42 U.S.C. § 2000e-5(f)(1), which permits employees to pursue claims of

employment discrimination in federal court; and 18 U.S.C. § 1595, which permits civil

actions for violations of the forced labor provision of the Victims of Trafficking and

Violence Protection Act of 2000. This Court also has supplemental jurisdiction over

Plaintiffs' state and municipal law claims pursuant to 28 U.S.C. § 1367.

5.  Plaintiffs hereby consent in writing to be parties to this action, pursuant to 29 U.S.C. §

216(b).

6.  Plaintiffs received notices of right to sue from the Equal Employment Opportunity

Commission in accordance with 42 U.S.C. § 2000e-5(f) on May 21, 2004, copies of

which are attached.

7.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the corporate defendant is subject to personal jurisdiction in this district.

## PARTIES

8.  Plaintiff Juana Sierra Trejo ("Plaintiff Sierra") is an eighteen year old Latina woman who resides in the Bronx, New York. She worked at the Broadway Plaza Hotel from approximately June 7, 2002 until approximately September 11, 2003, and from on or about October 6, 2003 until she was constructively discharged on or about January 26, 2004.

9.  During most of the time she worked at the Broadway Plaza Hotel, Plaintiff Sierra was a minor. She was 16 years old when she began her employment at the Broadway Plaza Hotel and turned 18 years old in June, 2003.

10. Plaintiff Gabriela Flores Viegas ("Plaintiff Flores") is an adult Latina woman who resides in the Bronx, New York. She has worked at the Broadway Plaza Hotel since approximately January 2001, and continues to work at the hotel.

11. Plaintiff Inés Bello Castillo ("Plaintiff Bello") is an adult Latina woman who resides in Mexico. She worked at the Broadway Plaza Hotel from approximately July 3, 2003 until she was fired on approximately July 10, 2003.

12. Plaintiff Carmen Calixto Rodríguez ("Plaintiff Calixto") is an adult Latina woman who resides in the Bronx, New York. She worked at the Broadway Plaza Hotel from approximately July 16, 2001 until her constructive discharge on approximately September 11, 2003.

3

13. Plaintiff Lucero Santes Vázquez ("Plaintiff Santes") is an adult Latina woman who resides in the Bronx, New York. She worked at the Broadway Plaza Hotel from approximately May 2001 until her constructive discharge on approximately September 11, 2003. Plaintiff Santes was a minor seventeen years of age when she began working at the Broadway Plaza Hotel and turned 18 in August, 2001.

14. On information and belief, Defendant Broadway Plaza Hotel is a corporation doing business in the State of New York, which operates a hotel located at 1155 Broadway in New York, New York, and also maintains an office at 56 East 41st Street, Fourth Floor, in New York, New York.

15. On information and belief, Defendant Felix David Buendía Ramírez ("Defendant Ramírez") was employed as a supervisor at the Broadway Plaza Hotel and had knowledge of, committed, and permitted the actions, practices, and policies complained of herein. All acts of Defendant Ramírez that occurred at the Broadway Plaza Hotel were committed while acting in the scope of Defendant Ramírez's employment at the Broadway Plaza Hotel.

16. On information and belief, Defendant Salvatore Loduca ("Defendant Loduca") is the President of the Broadway Plaza Hotel.

17. On information and belief, Defendant Philip Lozia ("Defendant Lozia") is the Vice President of the Broadway Plaza Hotel.

18. On information and belief, at all times relevant to this Complaint, Defendants Ramírez, Loduca, and Lozia were agents of the Broadway Plaza Hotel.

## STATEMENT OF FACTS

Hiring of Plaintiffs and Promised Work Conditions

19. The Broadway Plaza Hotel is a moderately-priced hotel in the Flatiron District of Manhattan.  It has over 100 rooms on approximately 13 floors.

20. Defendant Ramírez was the hotel manager at the Broadway Plaza Hotel.  The scope of his responsibilities included hiring and supervising the housekeeping staff.  Upon information and belief, the Broadway Plaza Hotel employs fewer than 10 housekeepers at a given time, in addition to other staff.

21. Defendant Ramírez hired plaintiffs to work as housekeepers at the Broadway Plaza Hotel. Thereafter, Defendant Ramírez assigned all of Plaintiffs' work to them and paid them their salaries.

22. Plaintiffs agreed to work at the Broadway Plaza Hotel in reliance upon Defendant Ramírez's description of the salary and responsibilities of the housekeeping position. Specifically, when Plaintiffs were hired, they were told, with the exception of Plaintiff Santes, that they would work eight hours per day, for six days per week, at a rate of $5.25 per hour. Defendant Ramírez told Plaintiff Santes that she would be paid $250 per week for working eight hours per day, six days per week.  Defendant Ramírez also told Plaintiffs that their positions would entail cleaning 15 hotel rooms per day.

23. When hiring them, Defendant Ramírez did not tell Plaintiffs that they would routinely be required to work far more than the 48 hours per week that he said their positions required. Nor did Defendant Ramírez inform Plaintiffs that they would routinely be required to perform duties other than housekeeping.

Minimum Wage Salaries and Overtime Pay.

24. Upon information and belief, Defendant Ramírez never intended for Plaintiffs to work in accordance with the terms and conditions of employment to which Plaintiffs had agreed. Indeed, Defendant Ramírez frequently required that Plaintiffs work seven days a week, often for up to 15 hours per day.

25. For example, Plaintiffs were required to arrive at the Broadway Plaza Hotel one half hour before they clocked into work. During this half hour, they changed into their uniforms, retrieved their carts and materials (such as towels, sheets, and cleaning chemicals) from the basement, prepared the carts, and performed miscellaneous errands for Defendant Ramírez. Plaintiffs were not paid for performing this work.

26. Plaintiffs were also required to stay at the Broadway Plaza Hotel for at least one half hour after they clocked out of work. During this half hour, Plaintiffs changed out of their uniforms, took 20 or more bags of dirty laundry to the basement, picked up trash from the hallways, and performed miscellaneous errands for Defendant Ramírez. Plaintiffs were not paid for performing this work.

27. In all, Plaintiffs worked, on average, over 50 hours per week, and sometimes well over 60 hours per week.

28. Despite working more than 40 hours per week, Plaintiffs never received overtime compensation, although they were entitled to pay at a rate of not less than one and a half times their regular rate of pay.

29. Indeed, Plaintiffs were actually paid less than the minimum wage salary that they had been promised and is required by law.  Among other things:

a. Plaintiffs were never paid for the work that they were required to perform before clocking in and after clocking out each day;

b. Plaintiffs were not paid overtime wages at rates not less than one and one-half times their regularly paid wages for each hour worked in excess of forty hours per workweek;

c. Plaintiffs were not paid an additional one hour of pay (in addition to any applicable overtime pay) on those days when they worked in excess of ten hours;

d. Each week, a small amount of salary—from $2 to $5—was missing from the cash payment Plaintiffs received from Defendant Ramírez;

e. Plaintiff Bello was only paid $20 for her first day of work, which lasted eight hours; and

f. Plaintiff Calixto was not paid at all for work she performed on September 9, 10, and 11, 2003.

30. Thus, as a result of increased working hours, uncompensated work, and missing wages, the Broadway Plaza Hotel not only failed to pay overtime wages to Plaintiffs, but also failed to pay Plaintiffs the minimum wage salary that they had been promised and to which they were legally entitled.

Intolerable and Unlawful Working Conditions

31. Plaintiffs also were subjected to intolerable and unlawful working conditions during their employment at the Broadway Plaza Hotel.

32. First, Defendant Ramírez controlled Plaintiffs' most basic bodily functions while they worked at the Broadway Plaza Hotel. Plaintiffs were not permitted to eat, drink, or use the restroom while at work.  On those occasions when Defendant Ramírez observed

Plaintiffs eating, drinking, or using the restroom, he insulted Plaintiffs, yelled sexually-explicit epithets at them, took their food or water away, and punished them by assigning them more rooms to clean.  Defendant Ramírez purported to rationalize these restrictions by telling Plaintiffs that they were at the hotel to work, not to eat.

33. Second, the Broadway Plaza Hotel denied Plaintiffs statutorily mandated meal and rest breaks while they were working.  Indeed, Plaintiffs were required to work continuously without meal or rest breaks even when they worked in excess of 15 hours.

34. Third, the Broadway Plaza Hotel also routinely denied Plaintiffs even the most basic time off for rest or to fulfill legitimate personal obligations.

35. For example, Plaintiffs were refused permission to attend doctors' appointments or other personal appointments, and their requests for time off were met with yelling and name-calling.  Defendant Ramírez himself retained complete control over when Plaintiffs were permitted days off, without providing advance notice to Plaintiffs.

36. Indeed, even when Plaintiffs were granted a rare day of rest, Defendant Ramírez frequently called Plaintiffs at home to demand that they go into work that day. If they refused, Plaintiffs were threatened with termination and Defendant Ramírez said that he could have Plaintiffs deported.  On one occasion when Plaintiff Calixto attempted to stay home from work, Defendant Ramírez sought her out at her home and brought her to the Broadway Plaza Hotel where she was forced to work for the day.

37. Finally, the Broadway Plaza Hotel expanded Plaintiffs' job responsibilities far beyond the terms and conditions to which they had agreed, and far beyond that which might reasonably be required by any employer.

38. In particular, Plaintiffs Sierra, Flores, and Santes were required to clean the homes of individual Defendants and their family members.

39. For example, Defendant Ramírez forced Plaintiff Sierra, a minor, to spend about four hours a day, two to three times per week, cleaning his private residence in the evenings after she completed her daily work at the hotel.  Plaintiff Sierra also performed work for Defendant Ramírez at her own home, where she was required to wash and iron Defendant Ramírez's clothes. If any piece of clothing was returned to Defendant Ramírez stained, Plaintiff Sierra was held responsible for the cost of replacing the clothing.  Plaintiff Sierra also was not permitted to eat, drink, or use the restroom at Defendant Ramírez's home. Plaintiff Sierra was not paid for this work, and was threatened with deportation, serious harm, and even death if she refused.

40. Defendant Ramírez similarly demanded that Plaintiff Flores clean his home. When Plaintiff Flores refused, Defendant Ramírez retaliated by forcing her to perform additional work at the hotel.  Defendant Ramírez also told Plaintiff Bello that she would be required to work at his home.

41. In addition, Defendants Loduca and Lozia required Plaintiffs Sierra, Flores, and Santes to clean their private homes, against their wishes and despite the fact that Plaintiffs were not told this would be part of their job responsibilities.

42. While at the hotel, Plaintiffs were also ordered to perform tasks other than housekeeping, such as moving heavy furniture around the hotel rooms, painting walls without protective gear, removing old carpets, and cleaning other buildings owned by Defendants Loduca and Lozia.

43. Plaintiffs were also required to clean more than the 15 rooms they had been told they would be assigned to clean when they were hired.  For example, Defendant Ramírez's girlfriend, who was also a housekeeper at the hotel, made Plaintiffs clean the rooms that were assigned to her.  If Plaintiffs refused to clean his girlfriend's rooms, Defendant Ramírez assigned Plaintiffs more work.  Indeed, Defendant Ramírez assigned Plaintiffs additional rooms to clean as a form of punishment for any perceived slight, including refusal to engage in sexual relations with him, or simply because he was angry on a particular day.

44. Plaintiffs were not informed about these additional tasks or responsibilities when they were hired, were not given a choice about performing these additional duties, and were sometimes not paid for performing these tasks.  Defendant Ramírez told Plaintiffs that they had to endure these and similarly inappropriate and unlawful working conditions—including constant, humiliating verbal abuse; sexual harassment; and numerous labor law violations—because they are immigrants. Defendant Ramírez said that he could have Plaintiffs deported if they refused to obey him or if they complained to outside sources about his treatment of them.

Sexual Harassment and Hostile Work Environment

45. During their work at the Broadway Plaza Hotel, Plaintiffs were  sexually harassed, berated and humiliated on a daily basis, and were treated as though they were valued as less than human beings.

46. First, Defendant Ramírez subjected Plaintiff Sierra, a minor, to sexual advances and touched her in sexually inappropriate ways, both during her work at the Broadway Plaza Hotel and at his private residence.  In particular, Defendant Ramírez attempted to touch

Plaintiff Sierra's breasts, grabbed her head, and caressed her face on a regular basis.

Defendant Ramírez also suggested that he "liked" Plaintiff Sierra in a sexual way by

telling her that he "liked" unwed women such as her.  When Plaintiff Sierra cleaned the

hotel rooms, Defendant Ramírez sometimes came in to watch her and he also asked

Plaintiff Sierra to go out to dinner with him a few times.  When Plaintiff Sierra refused

his advances, Defendant Ramírez retaliated by giving her more rooms to clean and saying

she was "muy cabrona" [a real bitch].

47. <u>Second</u>, throughout her employment at the Broadway Plaza Hotel, Plaintiff Sierra was

also sexually harassed by an employee known as Mr. Chan, with the knowledge and

consent of Defendant Ramírez. Mr. Chan regularly looked for excuses to be alone with

Plaintiff Sierra and tried to hug her, kiss her, and grope her and said that she should be his

girlfriend because he likes girls.  For example, in January, 2004, Mr. Chan trapped

Plaintiff Sierra in the hotel elevator and attempted to hug her. He said that he liked girls,

not older women, and that he wanted to "be with" her. Mr. Chan scared Plaintiff Sierra

by refusing for several minutes to let Plaintiff Sierra out of the elevator while he tried to

hug her. Defendant Ramírez knew about Mr. Chan's harassment of Plaintiff Sierra and

even encouraged it, telling Plaintiff Sierra that she should go out with Mr. Chan because

he had a lot of money. When Plaintiff Sierra attempted to complain about Mr. Chan's

behavior to Defendant Ramírez, he mocked her and made flippant remarks such as "que

te pinche el culo" ["let him have sex with you"].

48. <u>Third</u>, Defendant Ramírez also subjected Plaintiff Bello to sexual advances and touched

her in sexually inappropriate ways.  When Plaintiff Bello started working at the hotel in

July 2003, Defendant Ramírez indicated that he would have his way with her sexually

and told her she "no va a escapar" [will not escape].  Within days, on approximately July
6 or 7, 2003, Defendant Ramírez forcibly hugged Plaintiff Bello in the elevator and
attempted to kiss her.  After Plaintiff Bello managed to evade his kiss, Defendant
Ramírez started to make fun of her and said that she was afraid of him. When Defendant
Ramírez tried to forcibly hug Plaintiff Bello again, she told him to let her go because she
was either going to scream or tell the owner.  Defendant Ramírez said that the owner of
the hotel would not believe Plaintiff Bello because the owner trusts Defendant Ramírez,
not the housekeepers who are "puras chismosas" [pure gossips].  A few days later, on or
about July 10, 2003, Defendant Ramírez again attempted to force himself on Plaintiff
Bello by forcibly trying to hug and grab her in the elevator.  When Plaintiff Bello again
rejected his advances, Defendant Ramírez told her that one way or another, he would
have her.

49. On the same day that Plaintiff Bello rejected his advances for the second time, Defendant
Ramírez retaliated by assigning her additional rooms to clean and then firing her. At the
end of the work day, Defendant Ramírez told Plaintiff Bello not to come to work the next
day. The following day, Defendant Ramírez told a co-worker that Plaintiff Bello no
longer had a job at the hotel. July 10, 2003 was Plaintiff Bello's last day of work,
notwithstanding the fact that she had previously been told by Defendant Ramírez that she
was a good and fast worker.

50. Fourth, Defendant Ramírez also yelled sexually explicit epithets at all of the Plaintiffs,
bragged about his sexual exploits, and hired housekeepers based on whether he thought
they would have sex with him.   As a result, the workplace at the Broadway Plaza Hotel

12

was permeated with Defendant Ramírez's constant treatment of his female employees as potential or actual sexual conquests.

51. Among the sexually explicit epithets that Defendant Ramírez yelled at Plaintiffs (often violently) on a daily basis were: "puta madre" [whore of a mother]; "concha tu madre" [fuck your mother]; "chucha" [cunt]; "guebona" [female version of prick]; "concha" [cunt]; "mierda huevona" [lazy ass piece of shit]; and "eres una mierda" [you're a piece of shit]. Defendant Ramírez also said that Plaintiffs were nothings, just pieces of shit. In addition, he did not call Plaintiffs by their names, but instead called them "esta mierda" [this piece of shit] or other expletives. Defendant Ramírez yelled these names at Plaintiffs every day.

52. Defendant Ramírez also frequently bragged about his sexual conquests and boasted that he "pinchó" [had sex with] all the housekeepers.  Indeed, before hiring a new housekeeper, Defendant Ramírez asked whether the applicant was married. Housekeepers who were married were not usually permitted to work at the hotel because Defendant Ramírez preferred single women, who he thought were more likely to have sex with him. Indeed, Defendant Ramírez said to Plaintiffs that single woman "van a caer" [ will have sex] with him.  At the same time, Defendant Ramírez treated disfavorably housekeepers whom he did not find attractive. Because Defendant Ramírez did not find Plaintiff Calixto attractive—he called her ugly to her face—she had to do more than her share of work.

53. There was no internal grievance procedure or other mechanism for employees, such as Plaintiffs, to complain about sexual harassment or other work place abuses.

The Role of Defendants Loduca and Lozia

54. Defendant Ramírez did not permit Plaintiffs to speak with higher management at the hotel, Defendants Loduca and Lozia. Defendant Ramírez repeatedly said that he was the boss, the person who ran hotel operations. When Plaintiffs attempted to speak with upper management, Defendant Ramírez told Plaintiffs that upper management would not listen to them, and that if they tried to talk to upper management, they would be fired. Defendant Ramírez even physically blocked Plaintiffs from entering the managers' office.

55. Nevertheless, upon information and belief, Defendants Loduca and Lozia had knowledge of and permitted the actions, practices, and policies complained of herein.

56. Defendants Loduca and Lozia were the president and vice president of the Broadway Plaza Hotel and had the power to control Plaintiffs. As officers of the hotel, they had authority over management, supervision, and oversight of the Broadway Plaza Hotel's operations including the performance of the hotel manager, Defendant Ramírez, who reported to them.

57. Defendants Loduca and Lozia had an office on-site at the Broadway Plaza Hotel. Each regularly worked at this office, from which they could readily observe the daily operations of the hotel. As a result, Defendants Loduca and Lozia could and did observe the nature of Defendant Ramírez's treatment of Plaintiffs.

Constructive Discharges

58. Plaintiffs Sierra, Calixto, and Santes were constructively discharged on approximately September 11, 2003. By that date, they could no longer tolerate the sexual harassment, lack of control over their basic bodily functions, non-payment of wages and overtime,

emotional and verbal abuse, and general mistreatment. They felt they had no choice but to leave their employment.

59. Plaintiff Sierra was persuaded by Defendant Ramírez to return to work at the Broadway Plaza Hotel on or about October 6, 2003, after she had been unable to find other employment. Defendant Ramírez told Plaintiff Sierra that he would not yell at her and that she would receive a lunch break.  Plaintiff Sierra returned to work, but Defendant Ramírez's promises were not kept.  Moreover, after returning to work, Plaintiff Sierra continued to face sexual harassment from Mr. Chan at the encouragement of Defendant Ramírez, including the episode in the elevator on January 2004, discussed  above. Plaintiff Sierra felt that the only way to escape the sexual harassment was by quitting her job at the Broadway Plaza Hotel and she therefore stopped working at the Broadway Plaza Hotel on or about January 26, 2004.

60. Plaintiff Flores continues to work as a housekeeper at the Broadway Plaza Hotel.

<u>The Harm Caused by Defendants</u>

61. As a result of Defendants' conduct, Plaintiffs were denied the minimum  wage and overtime compensation to which they were legally entitled.

62. In addition, Defendant Ramírez's treatment of Plaintiffs while acting within his scope of employment at the Broadway Plaza Hotel—including physical sexual harassment; daily, violent yelling of sexual epithets; the creation of a sexually hostile work environment; denial of permission to eat, drink, or use the restroom; long work hours for seven days a week performing duties far beyond that which Plaintiffs were told they would be performing and which they could reasonably be expected to perform; and threats of

deportation and even physical harm—caused Plaintiffs physical injury and extreme emotional distress and anxiety.

63. For example, Plaintiff Sierra developed back problems and became chronically tired and very weak from working at the Broadway Plaza Hotel and at Defendant Ramírez's home. She continues to suffer from back problems. As other examples, Plaintiffs Sierra, Calixto, and Santes had nightmares about working at the Broadway Plaza Hotel and Plaintiffs Flores and Calixto developed painful headaches as a result of working at the hotel.

64. Indeed, Defendants' conduct caused each of the plaintiffs to devise tactics to avoid sexual attention and advances from Defendant Ramírez causing anxiety and emotional distress.

Charges of Discrimination Filed with the EEOC

65. Plaintiffs filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 4, 2004, and received notices of right to sue on May 21, 2004, copies of which are attached.

66. Upon information and belief, after Plaintiffs filed EEOC charges, Defendants for the first time began paying overtime compensation (which may or may not comply with the law) to housekeepers at the Broadway Plaza Hotel.

67. Similarly, upon information and belief, after Plaintiffs filed EEOC charges, Defendants for the first time began allowing housekeepers to take a short break and use the restroom.

68. These changes in practices effectively acknowledge that the prior employment conditions at the Broadway Plaza Hotel were improper.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

### (All Plaintiffs, All Defendants)

69. The allegations in paragraphs 1 through 68 are repeated as if fully stated herein.

70. Defendants willfully refused to pay Plaintiffs for all the work they performed at the Broadway Plaza Hotel, and Defendant Ramírez willfully refused to pay Plaintiff Sierra for time spent working at his private home, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

71. Defendants willfully refused to pay Plaintiffs overtime compensation at rates not less than one and one-half times their regularly paid wages for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. § 207.

72. Defendants' willful violations of the Fair Labor Standards Act entitle Plaintiffs to recovery of their unpaid minimum wages, unpaid overtime compensation, an equal amount as liquidated damages, and reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216, in addition to declaratory relief.

## SECOND CLAIM FOR RELIEF

## NEW YORK LABOR LAW: WAGES AND HOURS

### (All Plaintiffs, All Defendants)

73. The allegations in paragraphs 1 through 72 are repeated as if fully stated herein.

74. Defendants intentionally refused to pay Plaintiffs for all the work they performed at the Broadway Plaza Hotel, and Defendant Ramírez willfully refused to pay Plaintiff Sierra

for time spent working at his private home, in violation of N.Y. Labor Law § 652 and 12
N.Y. Comp. Codes R. & Regs. § 138-2.1, 2.4.

75. Defendants intentionally refused to pay Plaintiffs overtime wages at one and one-half
times their regularly paid wages and, on information and belief, failed to keep proper
wage and hour records, in violation of 12 N.Y. Comp. Codes R. & Regs. § 138-2.2.

76. Defendants' willful violations of the New York Labor Law and New York Codes, Rules
& Regulations entitle Plaintiffs to recover their unpaid minimum wages, unpaid overtime
compensation, an additional 25% as liquidated damages, and attorneys' fees and costs,
pursuant to N.Y. Labor Law §663, in addition to declaratory relief.

### THIRD CLAIM FOR RELIEF

### FORCED LABOR

### (All Plaintiffs, Defendants Ramírez and Broadway Plaza Hotel)

77. The allegations in paragraphs 1 through 76 are repeated as if fully stated herein.

78. Defendant Ramírez individually, and acting within the scope of his employment on
behalf of Defendant Broadway Plaza Hotel, obtained the labor of Plaintiffs by means of
the threatened abuse of law or the legal process, in violation of the forced labor provision
of the Victims of Trafficking and Violence Protection Act of 2000, 18 U.S.C. § 1589.

79. Defendant Ramírez individually obtained the labor of Plaintiff Sierra by threat of serious
harm to her person as well as by means of the threatened abuse of law or the legal
process, in violation of the forced labor provision of the Victims of Trafficking and
Violence Protection Act of 2000, 18 U.S.C. § 1589.

80. Defendants' willful violations of the forced labor statute entitle Plaintiffs to damages and reasonable attorneys' fees, pursuant to 18 U.S.C. § 1595, in addition to declaratory relief.

## FOURTH CLAIM FOR RELIEF

## TITLE VII OF THE CIVIL RIGHTS ACT: SEX DISCRIMINATION

### (All Plaintiffs, Defendant Broadway Plaza Hotel)

81. The allegations in paragraphs 1 through 80 are repeated as if fully stated herein.

82. By sexually harassing Plaintiffs and creating a hostile work environment, the Broadway Plaza Hotel intentionally discriminated against Plaintiffs because of their sex, in violation of 42 U.S.C. § 2000e-2(a).

83. Defendants' willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory and punitive damages, pursuant to 42 U.S.C. § 1981a; attorneys' fees and costs, pursuant to 42 U.S.C. § 2000e-2(k); and injunctive relief and other equitable relief, pursuant to 42 U.S.C. § 2000e-2(g).

## FIFTH CLAIM FOR RELIEF

## TITLE VII OF THE CIVIL RIGHTS ACT: RETALIATION

### (Plaintiffs Sierra and Bello, Defendant Broadway Plaza Hotel)

84. The allegations in paragraphs 1 through 83 are repeated as if fully stated herein.

85. The Broadway Plaza Hotel discriminated against Plaintiffs Sierra and Bello because they opposed Defendants' unlawful discriminatory treatment, in violation of 42 U.S.C. § 2000e-3(a).

86. The Broadway Plaza Hotel's willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory and punitive damages, pursuant to 42 U.S.C. § 1981a; attorneys' fees and costs, pursuant to 42 U.S.C. § 2000e-2(k); and injunctive relief and other equitable relief, pursuant to 42 U.S.C. § 2000e-2(g).

## SIXTH  CLAIM FOR RELIEF

## NEW YORK STATE HUMAN RIGHTS LAW: SEX DISCRIMINATION

### (All Plaintiffs, Defendant Broadway Plaza Hotel)

87. The allegations in paragraphs 1 through 86 are repeated as if fully stated herein.

88. The Broadway Plaza Hotel intentionally discriminated against Plaintiffs because of their sex and marital status, in violation of NY Exec. Law § 296.1(a).

89. The Broadway Plaza Hotel's willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory damages, injunctive relief, an order to cease and desist, and a report of compliance, pursuant to NY Exec. Law § 297.9, in addition to declaratory relief.

## SEVENTH CLAIM FOR RELIEF

## NEW YORK STATE HUMAN RIGHTS LAW: RETALIATION

### (Plaintiffs Sierra and Bello, Defendant Broadway Plaza Hotel)

90. The allegations in paragraphs 1 through 89 are repeated as if fully stated herein.

91. The Broadway Plaza Hotel discriminated against Plaintiffs Sierra and Bello because they opposed Defendants' unlawful discriminatory treatment, in violation of NY Exec. Law § 296.1(e).

92. The Broadway Plaza Hotel's willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory damages, injunctive relief, an order to cease and desist, and a report of compliance, pursuant to NY Exec. Law § 297.9, in addition to declaratory relief.

## EIGHTH CLAIM FOR RELIEF

## NEW YORK CITY HUMAN RIGHTS LAW: SEX DISCRIMINATION

### (All Plaintiffs, Defendant Broadway Plaza Hotel)

93. The allegations in paragraphs 1 through 92 are repeated as if fully stated herein.

94. The Broadway Plaza Hotel intentionally discriminated against Plaintiffs because of their sex and marital status, in violation of NYC Admin. Code § 8-107.1(a).

95. The Broadway Plaza Hotel's willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs, pursuant to NYC Admin. Code § 8-502(a).

## NINTH CLAIM FOR RELIEF

## NEW YORK CITY HUMAN RIGHTS LAW: RETALIATION

### (Plaintiffs Sierra and Bello, Defendant Broadway Plaza Hotel)

96. The allegations in paragraphs 1 through 95 are repeated as if fully stated herein.

97. The Broadway Plaza Hotel intentionally retaliated and discriminated against Plaintiffs Sierra and Bello because they opposed Defendants' unlawful discrimination, in violation of NYC Admin. Code § 8-107.7.

98. The Broadway Plaza Hotel's willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs, pursuant to NYC Admin. Code § 8-502(a).

### TENTH CLAIM FOR RELIEF

### NEW YORK LABOR LAW: CHILD LABOR

### (Plaintiffs Sierra and Santes, All Defendants)

99. The allegations in paragraphs 1 through 98 are repeated as if fully stated herein.

100.     Defendants willfully employed Plaintiff Sierra, a minor sixteen years old when she began her employment at the Broadway Plaza Hotel, and Plaintiff Santes, a minor seventeen years old when she began her employment at the Broadway Plaza Hotel, for more than eight hours per day, for more than 48 hours per week, and for more than six days per week, all in violation of NY Labor Law § 143.2.

101.     Defendants' willful violations of the New York Labor Law, and the public policy of the State of New York, entitle Plaintiffs Sierra and Santes to damages, declaratory relief, attorneys' fees and costs, and any other equitable relief this Court deems appropriate.

### ELEVENTH CLAIM FOR RELIEF

### NEW YORK LABOR LAW: DAY OF REST, MEAL PERIODS, SPREAD OF HOURS

### (All Plaintiffs, All Defendants)

102.     The allegations in paragraphs 1 through 101 are repeated as if fully stated herein.

103.    Defendants willfully denied Plaintiffs a 24-hour period of consecutive rest in each calendar week, and failed to designate a day of rest for each employee, in violation of NY Labor Law § 161.1.

104.    Defendants willfully denied Plaintiffs a 30-minute period for the noonday meal, in violation of NY Labor Law § 162.2.

105.    Defendants did not pay Plaintiffs an additional one hour of pay (in addition to any applicable overtime pay) on those days when Plaintiffs worked in excess of ten hours, in violation of NY Labor Law § 160 and 12 N.Y. Comp. Codes R. & Regs. §§ 138-2.6 and 142-2.4.

106.    Defendants' willful violations of the New York Labor Law, and the public policy of the state of New York, entitle Plaintiffs to compensatory damages, declaratory relief, attorneys' fees and costs, and any other equitable relief this Court deems appropriate.


## TWELFTH CLAIM FOR RELIEF

## FRAUDULENT INDUCEMENT

### (All Plaintiffs, Defendants Ramírez and Broadway Plaza Hotel)

107.    The allegations in paragraphs 1 through 106 are repeated as if fully stated herein.

108.    Defendant Ramírez individually, and acting within the scope of his employment on behalf of Defendant Broadway Plaza Hotel, fraudulently induced Plaintiffs to enter into employment agreements, the terms of which Defendant Ramírez never intended to carry out. Defendant Ramírez misrepresented the terms of Plaintiffs' employment contracts for the purpose of inducing Plaintiffs to rely on the stated employment contract

terms, and Plaintiffs did in fact rely on Defendant Ramírez's misrepresentations.
Plaintiffs have suffered harm as a result of Defendant Ramírez's fraudulent inducement.

109.    Defendants' fraudulent inducement entitles Plaintiffs to compensatory and
punitive damages, declaratory relief, other equitable relief, and attorneys' fees and costs.


## THIRTEENTH CLAIM FOR RELIEF

## QUANTUM MERUIT

### (All Plaintiffs, Defendants Ramírez and Broadway Plaza Hotel)

110.    The allegations in paragraphs 1 through 109 are repeated as if fully stated herein.

111.    Defendant Broadway Plaza Hotel accepted the services of Plaintiffs but did not
fully compensate Plaintiffs for the value of these services.

112.    Defendant Ramírez accepted the services of Plaintiff Sierra but did not fully
compensate her for the value of these services.

113.    Defendants' acceptance of Plaintiffs' services entitles Plaintiffs to the quantum
meruit of their services, attorneys' fees and costs, declaratory relief, and other equitable
relief this Court deems appropriate.


## FOURTEENTH CLAIM FOR RELIEF

## UNJUST ENRICHMENT

### (All Plaintiffs, Defendants Ramírez and Broadway Plaza Hotel)

114.    The allegations in paragraphs 1 through 113 are repeated as if fully stated herein.

115.    Defendant Broadway Plaza Hotel has been unjustly enriched by obtaining benefits
from the labor of Plaintiffs without adequately compensating Plaintiffs for these benefits.

116.     Defendant Ramirez has been unjustly enriched by obtaining benefits from the labor of Plaintiff Sierra without adequately compensating her for these benefits.

117.     Defendants' unjust enrichment at the expense of Plaintiffs entitles Plaintiffs to compensatory damages, attorneys' fees and costs, declaratory relief, and other equitable relief this Court deems appropriate.

## FIFTEENTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (All Plaintiffs, Defendant Ramírez)

118.     The allegations in paragraphs 1 through 117 are repeated as if fully stated herein.

119.     Defendant Ramírez intentionally inflicted emotional distress on Plaintiffs through his extreme and outrageous conduct toward Plaintiffs.

120.     Defendant Ramírez's intentional infliction of emotional distress entitles Plaintiffs to compensatory and punitive damages, declaratory relief, attorneys' fees and costs, and any other equitable relief this Court deems appropriate.

## SIXTEENTH CLAIM FOR RELIEF

## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

### (All Plaintiffs, Defendants Loduca, Lozia, and Broadway Plaza Hotel)

121.     The allegations in paragraphs 1 through 120 are repeated as if fully stated herein.

122.     The Broadway Plaza Hotel and Defendants Loduca and Lozia were negligent in their hiring, retention, and supervision of Defendant Ramírez, thereby causing Plaintiffs physical injury and emotional distress.

123.     This negligent hiring, retention, and supervision entitles Plaintiffs to

compensatory and punitive damages, attorneys' fees and costs, and any other equitable

relief this Court deems appropriate.


## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

a.  Award compensatory damages to Plaintiffs in an amount to be determined at trial;

b.  Award punitive damages to Plaintiffs in an amount to be determined at trial;

c.  Order injunctive relief for Defendants' violations of state and city anti-discrimination laws;

d.  Declare that Defendants violated federal and state minimum wage and overtime laws by not paying Plaintiffs for all their hours of work and by not paying overtime compensation;

e.  Declare that Defendants violated the forced labor provision of the Victims of Trafficking and Violence Protection Act of 2000;

f.  Declare that Defendants violated Title VII of the Civil rights Act of 1964, as amended, the New York State Human Rights Law, and New York City Human Rights Law by intentionally discriminating against Plaintiffs based on their sex and by retaliating against Plaintiffs Sierra and Bello for opposing these illegal practices;

g.  Declare that Defendants violated state child labor law provisions and the public policy of New York State by employing Plaintiff Sierra for more than eight hours per day, for more than 48 hours in one week, and for more than six days in one week when she was a minor;

h.  Declare that Defendants violated state labor laws and the public policy of New York State by denying Plaintiffs a 24-hour period of consecutive rest in each calendar week, denying Plaintiffs a 30-minute meal break, and failing to pay Plaintiffs an additional hour of pay for days they worked in excess of ten hours;

i.  Order Defendants to pay reasonable attorneys' fees and costs; and

j.  Grant such other and further relief as this Court deems just and proper under the circumstances.

Date: May 27, 2004

Respectfully submitted,

*Lenora M. Lapidus*

Lenora M. Lapidus (LL-6592)
Jennifer Arnett (JA-6161)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

David A. Barrett (DA-9626)
Eric Brenner (EB-2177)
Boies, Schiller & Flexner, LLP
570 Lexington Avenue, 16th Floor
New York, NY  10022
Tel.: 212-446-2300
Fax:  212-446-2350

Attorneys for Plaintiffs

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Gabriela Flores Viegas
800 Boston Post Road
Apt. #2-D
Bronx, NY 10460

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-01159 | Esther Gutierrez, Investigator | (212) 336-3756 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, JR.,
Director

5/20/04
(Date Mailed)

Enclosure(s)

cc: BROADWAY PLAZA HOTEL
Director, Human Resources
1155 Broadway
New York, NY 10001

EEOC Form 161-B (3-98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Ines Bello Castillo<br>11-25 Teller Avenue (Basement)<br>C/O Victoria Diaz<br>Bronx, NY 10456 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-01157 | Esther Gutierrez,<br>Investigator | (212) 336-3756 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, JR,
Director

5/20/04
*(Date Mailed)*

Enclosure(s)

cc:   BROADWAY PLAZA HOTEL
      **Director, Human Resources**
      **1155 Broadway**
      **New York, NY 10001**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Juana Sierra Trejo<br>11-25 Teller Avenue (Basement)<br>Bronx, NY 10456 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-01158 | Esther Gutierrez,<br>Investigator | (212) 336-3756 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, JR,
Director

5/20/04
*(Date Mailed)*

Enclosure(s)

cc:  **BROADWAY PLAZA HOTEL**
**Director, Human Resources**
**1155 Broadway**
**New York, NY 10001**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Lucero Santos Vazquez<br>C/O Victoria Diaz<br>11-25 Teller Avenue<br>Bronx, NY 10456 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-01155 | Esther Gutierrez,<br>Investigator | (212) 336-3756 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilties Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, JR.
Director

Enclosure(s)                                                                                                   (Date Mailed)

cc:   BROADWAY PLAZA HOTEL
      Director, Human Resources
      155 Broadway
      New York, NY 10001

EEOC Form 16-1B (1999)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Carmen Calixto Rodriguez
11-25 Teller Avenue (Basement)
Bronx, NY 10456

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2004-01156 | Esther Gutierrez, Investigator | (212) 336-3756 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, JR,
Director

5/20/04
(Date Mailed)

Enclosure(s)

cc: BROADWAY PLAZA HOTEL
Director, Human Resources
1155 Broadway
New York, NY 10001