Lenora M. Lapidus (LL-6592)
Claudia Flores (CF-4932)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-519-7816

David A. Barrett (DA-9626)
Eric Brenner (EB-9626)
Boies, Schiller & Flexner, LLP
570 Lexington Avenue
New York, NY 10022
212-446-2300

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUANA SIERRA TREJO, GABRIELA FLORES VIEGAS, INÉS BELLO CASTILLO, CARMEN CALIXTO RODRÍGUEZ, and LUCERO SANTES VÁZQUEZ, <br><br> Plaintiffs <br><br> v. <br><br> BROADWAY PLAZA HOTEL, FELIX DAVID BUENDÍA RAMÍREZ, SALVATORE LODUCA, and PHILIP LOZIA, <br><br> Defendants. | No. 04-cv-4005 (LTS) <br><br><br> **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS AND TO STRIKE** |

Plaintiffs Juana Sierra Trejo, Gabriela Flores Viegas, Inés Bello Castillo, Carmen Calixto Ramírez, and Lucero Santes Vázquez respectfully submit this memorandum in opposition to the Motion to Dismiss and Strike of Defendant Felix David Buendía Ramírez.

<u>Preliminary Statement</u>

Defendant Ramirez's motion to dismiss the Complaint joins the relevant arguments from his co-defendants' motion to dismiss filed last summer, adding one additional argument regarding Plaintiffs' forced labor claims.  Defendant argues, in effect, that it would be unfair to hold him liable under an amendment to the forced labor statute that postdates his conduct.  But, where, as here, the defendant already knew his conduct was subject to significant, equivalent liability, it is well established that the Court should apply the law in effect at the time of its decisions. Ramirez's argument is baseless, which is undoubtedly why, unless they simply forgot, his co-defendants did not even include it in their extensive prior briefing.

<u>Argument</u>

I. <u>Because the Federal Forced Labor Statute Can Be Applied to Defendants' Pre-Enactment Conduct, The Court Should Not Dismiss Plaintiffs' Third Claim for Relief</u>.

In 2000, Congress enacted a statute making forced labor violations a federal crime.  <u>See</u> 18 U.S.C. §1589.  Then, in 2003, Congress created a private civil right of action under this statute (the "2003 Amendment").  18 U.S.C. § 1595.   The forced labor claims in Plaintiffs' Third Claim for Relief are based on this private right of action.

In seeking to dismiss Plaintiffs' forced labor claims, Defendant Ramirez suggests that because the private right of action under the forced labor statute was not codified

until December 19, 2003, its application in this case would "raise serious constitutional questions." He is wrong. There is no legal impediment to application of the forced labor statute in this case.

The only case cited by Ramirez in support of his arguments is the Supreme Court's decision in *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998), which addressed the inapposite question of whether retrospective application of the Coal Industry Retiree Health Benefit Act was constitutional under the Takings Clause. In fact, the controlling Supreme Court authority is *Landgraf v. USI Film Products*, 511 U.S. 244, 249 (1994), and its progeny.

Under *Landgraf*, where Congress has not expressly prescribed a statute's temporal reach (as with the forced labor provisions of 18 U.S.C. § 1589), "a court 'should apply the law in effect at the time it renders its decision,'" *Landgraf*, 511 U.S. at 273 (*quoting Bradley v. School Bd. of Richmond*, 416 U.S. 696, 711 (1974)), unless such application would have a "genuinely 'retroactive' effect," *id.* at 277. "'Retroactive effect' refers not to a statute's temporal reach—which is the ultimate question to be answered in these cases—but to the effect the statute would have if applied retrospectively." *Mathews v. Kidder, Peabody & Co.*, 161 F.3d 156, 160 (3d Cir. 1998). Under well-established principles, a retroactive effect would be present here only if application of the forced labor statute to Defendant Ramirez's conduct impaired rights that he possessed when he acted, increased his liability for past conduct, or imposed new duties with respect to events already completed. *See Landgraf*, 511 U.S. at 280. None of these conditions exists here.

Imposing civil liability under the forced labor statute in this action would not impair rights Ramirez previously had or impose new duties. A change in remedy alone is not enough to establish retroactive effect. *See ABF Capital Management v. Askin Capital Management*, 957 F. Supp . 1308, 1320-1321 (S.D.N.Y. 1997) (impairment of rights only occurs when the party's rights are vested). Even before the 2003 Amendment, any conduct by Ramirez that might now be held civilly actionable was already a crime under a statute enacted in 2000, well before any of the relevant conduct in this case. Indeed, given the firm prohibitions against slavery and involuntary servitude, *see* U.S. Const. Amend. XIII; 18 U.S.C. § 1584, Ramirez cannot seriously claim that he lacked notice that his alleged behavior towards Plaintiffs was unlawful. For example, more than a decade ago, the Supreme Court recognized that exacting behavior from an individual under threats of deportation and physical harm was unlawful. *See U.S. v. Kozminski,* 487 U.S. 931, 947 (1988).

Put simply, the express recognition of a civil remedy did not change Ramirez's already established obligation to obey the law. Thus, Ramirez "was at all relevant times on notice" that his actions were unlawful and rendered him liable for restitution to his victims. *U.S. v. Certain Funds Contained in Account Nos. 600-306211-006, 600-306211-011 and 600-306211-014 Located at Hong Kong and Shanghai Banking Corp.*, 96 F.3d 20, 24 n.3 (2d Cir. 1996). "Accordingly, it cannot be said that" the 2003 Amendment "ever created any new legal consequences or impaired any existing rights." *Id.* at 24 (applying the Anti-Money Laundering Act of 1992 to pre-enactment conduct because "the claimants never had any right to property resulting from illegal gains, and their alleged drug smuggling and money laundering have always carried criminal

3

penalties"). *See also Alvarez-Machain v. United States*, 107 F.3d 696, 702 (9th Cir. 1997) ("The Torture Victim Protection Act does not impose new duties or liabilities on defendants.  Torture has long been condemned and prohibited by international law."); *Cabiri v. Assasie-Gyimah*, 921 F. Supp. 1189, 1196 (S.D.N.Y. 1996) (applying Torture Victim Protection Act to pre-enactment conduct because even "prior to the promulgation of the Torture Act, the defendant had fair notice that torture was not a lawful act"); *Xuncax v. Gramajo*, 886 F. Supp. 162, 177 (D. Mass. 1995) (same).

Moreover, present application of the forced labor statute will not subject Ramirez to any greater liability than he already faced prior to December 2003.  *Cf. Landgraf*, 511 U.S. at 282-84 & n.35 ("Even when the conduct in question is morally reprehensible or illegal," it may be unfair to increase substantially a party's liability for past conduct).  The existing criminal sanctions at the time of the 2003 Amendment included provisions authorizing a court to order defendants to pay restitution to their victims.  *See* 18 U.S.C. § 1593 (a)-(c).

In addition, the type of misconduct addressed in the forced labor law has long been actionable under state tort law, which itself permits civil damages.  146 Cong. Rec. S 10164 (Oct. 11, 2000) (letter from Department of Justice asserting that private right of action under TVPA was not necessary because "The entire range of trafficking behaviors," such as forced labor, "is already captured under State tort law, under which a victim may already recover").  Ramirez's potential liability for civil damages in this case therefore does not represent a materially increased burden beyond what he would have faced regardless of whether the 2003 Amendment had been enacted.

In sum, Ramirez cannot seriously claim any settled expectation that his alleged conduct was lawful prior to December 2003, or that he could have escaped significant liability for the type of conduct that constitutes actionable forced labor under 18 U.S.C. § 1589.  Accordingly, the law "in effect at the time" this motion is decided – which expressly includes a civil right of action, 18 U.S.C. § 1595 – is the law that applies. *Landgraf*, 511 U.S. at 273.

II.     The Court Should Not Dismiss Plaintiff's Eleventh Claim for Relief or Strike Paragraphs 1 and 2 of the Complaint.

Incorporating by reference the arguments advanced by his co-defendants, Defendant Ramirez's motion also seeks an order dismissing Plaintiffs' Eleventh Cause of Action and striking the first and second paragraphs of the Complaint.  For all the reasons set forth in Plaintiffs' Opposition to the Motion to Dismiss and Strike of Defendants Broadway Plaza Hotel, Loduca, and Loria, there is no basis for such relief.

<u>Conclusion</u>

For the reasons set forth above and in its opposition to the Motion to Dismiss and Strike of Ramirez's co-defendants, Plaintiffs respectfully submit that Defendant Ramirez's motion to dismiss should be denied in its entirety.

Date:  February 23, 2005

Respectfully submitted,

/s/ Eric Brenner_____
Lenora M. Lapidus (LL-6592)
Claudia Flores (CF-4932)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

David A. Barrett (DA-9626)
Eric Brenner (EB-2177)
Boies, Schiller & Flexner, LLP
570 Lexington Avenue, 16th Floor
New York, NY  10022
Tel.: 212-446-2300
Fax:  212-446-2350

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Eric Brenner, hereby certify that on February 23, 2005, I caused the foregoing Memorandum of Law in Opposition to the Motion to Dismiss and Strike of Defendant Felix David Buendía Ramírez to be served by facsimile and First Class Mail on the following counsel:

    Ira Sturm, Esq.
    300 Madison Avenue, Suite 2010
    New York, New York 10017

    Martin Gringer, Esq.
    Joshua Marcus, Esq.
    Franklin Gringer & Cohen, P.C.
    666 Old Country Road
    Suite 202
    Garden City, New York 11530

                                        /s/ Eric Brenner_____
                                            Eric Brenner (EB-2177)